**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION PENSION FUND, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>BROTHER'S MECHANICAL, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 25-cv-00962-LKG

Dated: May 1, 2026

**MEMORANDUM OPINION AND ORDER**

## I.   INTRODUCTION

In this civil action, the Plaintiffs, Trustees of the Heating, Piping and Refrigeration Pension Fund, Trustees of the Heating, Piping and Refrigeration Medical Fund, Trustees of the Heating, Piping and Refrigeration Training Fund, Trustees of the M. Eddie Moore Scholarship Trust Fund, Trustees of the Industry Promotion Fund, Trustees of the Steamfitters Local 602 Retirement Savings Fund, Trustees of the Local 602 Communications and Productivity Fund, Trustees of the International Training Fund and Steamfitters Local Union No. 602, allege that the Defendant, Brother's Mechanical, Inc., ("Brother's Mechanical"), failed to report and make certain contribution payments to a benefits fund, for hours its employees performed work covered by a collective bargaining agreement, in violation of, among other things, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §§ 141, *et seq.  See generally* ECF No. 1.

The Plaintiffs have moved to strike certain affirmative defenses asserted in Brother's Mechanical's answer to the complaint, pursuant to Fed. R. Civ. P. 12(f).  ECF Nos. 15 and 15-1. The motion is fully briefed.  ECF Nos. 15, 15-1, 17 and 19.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiffs' motion to strike (ECF No. 15); (2) **STRIKES** Brother's Mechanical's 1, 3, 4, 5, 6, 9, 13, 14, 15, 16, 17, 19 and 23 affirmative

defenses; and (3) **GRANTS** Brother's Mechanical leave to amend affirmative defenses 8, 11, 12 and 22 to comport with the pleading standard under *Twombly-Iqbal*; and (4) **ORDERS** that Brother's Mechanical shall **FILE** any amended answer consistent with this Memorandum Opinion and Order, **on or before May 14, 2026**.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.   Factual Background

In this civil action, the Plaintiffs allege that Brother's Mechanical violated, among other things, ERISA and the LMRA, by failing to report and make certain contribution payments to a benefits fund for hours its employees performed work covered by a collective bargaining agreement (the "CBAs").  *See generally* ECF No. 1.  Specifically, the Plaintiffs assert the following claims against Brother's Mechanical in the complaint: (1) amounts owed to the Benefit Fund Plaintiffs under ERISA Sections 502 and 515 (Count I); (2) working assessments, dues, and other payments (Count II); (3) failure to maintain the requisite bond (Count III); and (4) demand for a payroll compliance audit (Count IV).  *Id.* at ¶¶ 16–34.  As relief, the Plaintiffs seek, among other things, to recover the owed delinquent contributions, accrued interest, liquidated damages, attorneys' fees and costs from Brother's Mechanical.  *Id.* at Prayer or Relief.

The Parties

The Heating, Piping and Refrigeration Pension Fund, the Heating, Piping and Refrigeration Medical Fund, the Heating, Piping and Refrigeration Training Fund, the Steamfitters Local 602 Retirement Savings Fund, the International Training Fund (collectively, the Benefit Fund Plaintiffs), and the M. Eddie Moore Scholarship Trust Fund are multiemployer employee benefit plans, as defined in Sections 3(3) and 3(7) of ERISA.  *Id.* at ¶¶ 1–6.

Plaintiffs Trustees of the Heating, Piping and Refrigeration Pension Fund, Trustees of the Heating, Piping and Refrigeration Medical Fund, Trustees of the Heating, Piping and Refrigeration Training Fund, Trustees of the Steamfitters Local 602 Retirement Savings Fund, Trustees of the International Training Fund, and the M. Eddie Moore Scholarship Trust Fund are the designated fiduciaries of these aforementioned entities, as defined in Section 3(21) of ERISA.  *Id.*

---

[1] The facts recited in this memorandum opinion are taken from the complaint and Brother's answer to the complaint.  ECF Nos. 1 and 14.

The Industry Promotion Fund is a trust fund established and maintained according to the provisions of its Trust Document. *Id.* at ¶ 7.

The Local 602 Communications and Productivity Fund is a labor-management cooperation committee, as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978 ("LMCA"), 29 U.S.C. § 175a. *Id.* at ¶ 8.

The Steamfitters Local Union No. 602 is an unincorporated labor organization, as that term is defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5). *Id.* at ¶ 9.

Defendant Brother's Mechanical, Inc. is a Virginia business with an office located in Springfield, Virginia. *Id.* at ¶ 10.

The Plaintiffs' Claims

In the complaint, the Plaintiffs allege that Brother's Mechanical is a party to certain CBAs, whereby it agreed to pay to the Benefit Fund Plaintiffs certain sums for each hour worked by its employees that are covered by the CBAs. *Id.* at ¶ 17. The Plaintiffs also allege that Brother's Mechanical failed to report or pay the amounts due to the Benefits Fund Plaintiffs for work performed by its covered employees, during the period January 2025, to the present, as required by the CBAs and certain restated agreements and declarations of trust. *Id.* at ¶ 18. And so, the Plaintiffs seek to recover these funds, liquidated damages, and interest from Brother's Mechanical. *Id.* at ¶¶ 19–21.

The Plaintiffs also allege that that Brother's Mechanical employed certain employees who are covered by CBAs that authorize working assessment and dues reductions. *Id.* at ¶ 23. In this regard, the Plaintiffs allege that Brother's Mechanical agreed to pay the Local 602 Communications and Productivity Fund and the Industry Promotion Fund certain money for each hour worked by its employees who are covered by the CBAs. *Id.* at ¶ 24. But the Plaintiffs allege that Brother's Mechanical failed to report and pay the amounts due, during the period January 2025, to the present. *Id.* at ¶ 25. And so, the Plaintiffs seek to recover the amounts due. *Id.* at ¶ 26.

In addition, the Plaintiffs allege that Brother's Mechanical is obligated to post a cash bond, pursuant to the CBAs. *Id.* at ¶ 28. But the Plaintiffs allege that Brother's Mechanical failed to maintain the requisite bond. *Id.* at ¶ 30. And so, the Plaintiffs also seek a Court order requiring that Brother's Mechanical provide a bond. *Id*. at Prayer for Relief.

Lastly, the Plaintiffs allege that they are entitled to obtain and conduct an audit of Brother Mechanical's payroll and related records under the CBAs and certain restated agreements and declarations of trust. *Id.* at ¶¶ 32–34. And so, the Plaintiffs also seek a Court order requiring Brother's Mechanical to submit all payroll books and records to the Plaintiffs. *Id*. at Prayer for Relief.

<u>Brother's Mechanical's Affirmative Defenses</u>

On September 22, 2025, Brother's Mechanical answered the complaint. ECF No. 14. In the answer, Brother's Mechanical asserts the following 23 affirmative defenses:

1. The complaint fails to state any claim upon which relief can be granted.

2. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs are not entitled, on the law or the facts, to the damages claimed.

4. Some or all of Plaintiffs' claims are barred by the doctrine of laches, waiver, estoppel, or release.

5. Plaintiffs have failed to mitigate damages.

6. The purported wrongs which Plaintiffs seek to remedy resulted not from any act, fault, or neglect of Defendant, but rather from the acts, faults, or neglect of Plaintiffs.

7. Some or all of the claims are barred by the doctrine of accord and satisfaction.

8. Some or all of the claims are barred by payment.

9. Plaintiffs did not suffer any damages attributable to the actions of Defendant.

10. Some or all of Plaintiffs' claims are barred because Defendant did not willfully violate and, in fact, acted in good faith regarding the requirements of all applicable federal statutes.

11. Some or all of Plaintiffs' claims are barred by the doctrine of collateral estoppel.

12. Some or all of Plaintiffs' claims are barred by the doctrine of res judicata.

13. Some or all of Plaintiffs' claims are barred because of Plaintiffs' own fraudulent conduct.

14. Some or all of Plaintiffs' claims are barred because of the existence of a bona fide dispute.

4

15. Defendant did not act with malice, recklessness, bad faith, or deliberate indifference to Plaintiffs' rights.

16. Some or all of Plaintiffs' claims are barred because Defendant was not properly advised of its legal rights.

17. Defendant has, at all times, acted in good faith and with reasonable grounds with respect to maintaining accurate records of hours worked by its employees.

18. Plaintiffs' claims are barred, in whole or in part, because the work performed was not covered by the collective bargaining agreement or applicable plan documents.

19. There is no basis for any "willful" violation as alleged in the complaint.

20. Defendant was not subject to the provisions of the Collective Bargaining Agreements as alleged in the complaint.

21. Plaintiffs' claims are barred, in whole or in part, because the individuals for whom contributions are sought were not covered employees under the collective bargaining agreement or applicable plan documents.

22. Plaintiffs' claims are barred because no valid and binding agreement obligates Defendant to make the contributions sought, and/or any agreement was invalid, unenforceable, or expired during the relevant period.

23. Plaintiffs' claims are barred because Defendant's execution of the purported agreement was procured by fraud in the execution, rendering the agreement void.

*Id.* at 4–7.

### B.    Relevant Procedural Background

On September 26, 2025, the Plaintiffs filed a motion to strike Brother's Mechanical's affirmative defenses and a memorandum in support thereof.  ECF Nos. 15 and 15-1.  On October 10, 2025, Brother's Mechanical filed a response in opposition to the Plaintiffs' motion to strike.  ECF No. 17.

On October 22, 2025, the Plaintiffs filed a reply brief.  ECF No. 19.  The Plaintiffs' motion to strike having been fully briefed, the Court resolves the pending motion.

## III.  LEGAL STANDARDS

### A.    Fed. R. Civ. P. 12(f)

Pursuant to Fed. R. Civ. P. 12(f), the Court, on motion of a party, may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). But such motions are "generally viewed with disfavor[,] 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2d ed. 1990)). And so, "courts 'generally require the moving party to establish that the materials to be struck prejudice the moving party in some way.'" *Alston v. TransUnion*, No. 16-491, 2017 WL 464369, at *1 (D. Md. Feb. 1, 2017) (quoting *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 705 (D. Md. 2013)).

Relevant to the pending motion to strike, the Fourth Circuit has held that "[a]n affirmative defense is the defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Emergency One, Inc. v. Am. Fire Eagle Engine, Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (internal quotations and citation omitted). Such defenses are contrasted with negative defenses, which are those that "den[y] or 'directly contradict[] elements of the plaintiff's claim for relief.'" *Jones v. Aberdeen Proving Ground Fed. Credit Union*, No. 21-1915, 2022 WL 2703825, at *6 (D. Md. July 12, 2022) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1270 (3d ed. 2022)).

Courts in the Fourth Circuit are split on the question of whether the pleading standard under *Twombly-Iqbal* applies to affirmative defenses. *Titan Sys., LLC v. SRI Int'l*, 787 F. Supp. 3d 72, 77 (D. Md. 2025). But this Court has applied the *Twombly-Iqbal* pleading standard to affirmative defenses and held that affirmative defenses must "be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts," to survive a motion to strike. *Freedom Servs., Inc. v. Freedom Servs., LLC*, No. 23-1624, 2024 WL 3089663, at *8 (D. Md. June 21, 2024) (quoting *Jones*, 2022 WL 2703825, at *5). In this regard, the Court has held that satisfying this standard does not require the inclusion of all supporting evidentiary facts. *Jones*, 2022 WL 2703825, at *5. But, "[a]t a minimum, . . . some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the [D]efendant" to meet the standard. *Id.* (quoting *Palmer v. Oakland Farms, Inc.*, No. 10-29, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010)).

6

## IV.    ANALYSIS

The Plaintiffs have moved to strike Brother's Mechanical's affirmative defenses in this case, pursuant to Fed. R. Civ. P. 12(f), upon the following three grounds: (1) affirmative defenses 4, 5, 6, 7, 13, 14, 15, 16, 17, 19 and 23 are not valid defenses under Section 515 of ERISA and these affirmative defenses also confuse the issues in this case; (2) affirmative defenses 7, 8, 11, 12, 13, 22 and 23 fail to meet the pleading standard under *Twombly-Iqbal*; and (3) affirmative defenses 1, 3 and 9 are redundant and negative defenses.  ECF No. 15 at 6–17. And so, the Plaintiffs request that the Court strike affirmative defenses 1, 3, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, 16, 17, 19, 22 and 23.  *Id.* at 17.

Brother's Mechanical counters that the Court should not strike these affirmative defenses, because: (1) Section 515 of ERISA does not preclude its affirmative defenses; (2) striking the affirmative defenses before discovery would be premature; and (3) affirmative defenses 1, 3 and 9 do not prejudice the Plaintiffs.  ECF No. 17 at 2–5.  And so, Brother's Mechanical requests that the Court deny the Plaintiffs' motion to strike.  *Id.* at 5.

For the reasons set forth below, a careful reading of Brother's Mechanical's answer shows that affirmative defenses 4, 5, 6, 7, 13, 14, 15, 16, 17, 19 and 23 are not valid defenses under Section 515 of ERISA.  The answer also makes clear that affirmative defenses 8, 11, 12, and 22 do not meet the pleading standard under *Twombly-Iqbal*.  In addition, the answer makes clear that affirmative defenses 1, 3 and 9 are not affirmative defenses.  And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART the Plaintiffs' motion to strike (ECF No. 15); (2) STRIKES Brother's Mechanical's 1, 3, 4, 5, 6, 9, 13, 14, 15, 16, 17, 19 and 23 affirmative defenses; and (3) GRANTS Brother's Mechanical leave to amend affirmative defenses 8, 11, 12 and 22 to comport with the pleading standard under *Twombly-Iqbal*; and (4) ORDERS that Brother's Mechanical shall FILE any amended answer consistent with this Memorandum Opinion and Order, on or before May 14, 2026.

### A.    ERISA Bars Affirmative Defenses  4, 5, 6, 7, 13, 14, 15, 16, 17, 19 And 23

As an initial matter, the Plaintiffs persuasively argue that Section 515 of ERISA precludes Brother's Mechanical from asserting affirmative defenses  4, 6, 7, 13, 14, 15, 16, 17, 19 and 23 in this case.  Pursuant to Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of . . . such

7

agreement." 29 U.S.C. § 1145 (2012). And so, Section 515 allows for the recovery of damages under ERISA in connection with an action to enforce the payment of unpaid contributions. *Id.*

In this regard, the Fourth Circuit has held an employer is prohibited from "rais[ing] defenses that relate to claims the employer may have against the union" in a case brought under Section 515 of ERISA. *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997) (citing *Agathos v. Starlite Motel*, 977 F.2d 1500, 1505 (3d Cir.1992)). Given this, courts in the Fourth Circuit have generally held that employers are limited in terms of the defenses that they may raise in Section 515 cases. *Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Revis Eng'g, Inc.*, 11-578, 2012 WL 529596, at *2 (E.D. Va. Feb. 15, 2012) (citing *Agathos*, 977 F.2d at 1505). And so, a defendant-employer may only raise the following three defenses in such cases: (1) "the pension contributions themselves are illegal"; (2) "the collective bargaining agreement is void ab initio, as where there is fraud in the execution, and not merely voidable, as in the case of fraudulent inducement"; and (3) "the employees have voted to decertify the union as its bargaining representative, thus prospectively voiding the union's collective bargaining agreement." *Agathos*, 977 F.2d at 1505.

In this case, the answer makes clear that Brother's Mechanical seeks to assert several affirmative defenses that are not permitted under Section 515 of ERISA. Notably, Brother's Mechanical asserts the following affirmative defenses:

- 4: Some or all of Plaintiffs' claims are barred by the doctrine of laches, waiver, estoppel, or release.

- 5: Plaintiffs have failed to mitigate damages.

- 6: The purported wrongs which Plaintiffs seek to remedy resulted not from any act, fault or neglect of Defendant, but rather from the acts, faults or neglect of Plaintiffs.

- 7: Some or all of Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

- 13: Some or all of Plaintiffs' claims are barred because of Plaintiffs' own fraudulent conduct.

- 14: Some or all of Plaintiffs' claims are barred because of existence of a bona fide dispute.

- 15: Defendant did not act with malice, recklessness, bad faith, or deliberate indifference to Plaintiffs' rights.

- 16: Some or all of Plaintiffs' claims are barred because Defendant was not properly advised of its legal rights.

- 17: Defendant has, at all times, acted in good faith and with reasonable grounds with respect to maintaining accurate records of hours worked by its employees.

- 19: There is no basis for any "willful" violation as alleged in the Complaint.

- 23: Plaintiffs' claims are barred because Defendant's execution of the purported agreement was procured by fraud in the execution, rendering the agreement void.

ECF No. 14 at 4–7. These affirmative defenses are not permitted under Section 515 of ERISA. *Agathos*, 977 F.2d at 1505. And so, the Court must strike affirmative defenses 4, 5, 6, 7, 13, 14, 15, 16, 17, 19 and 23.

**B.    Affirmative Defenses 8, 11, 12 and 22
Do Not Meet The *Twombly-Iqbal* Standard**

A careful reading of Brother's Mechanical's answer also makes clear that affirmative defenses 8, 11, 12 and 22 do not meet the pleading standard under *Twombly-Iqbal*. To satisfy this standard, these affirmative defenses must "be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts," to survive a motion to strike. *Freedom Servs., Inc. v. Freedom Servs., LLC*, No. 23-1624, 2024 WL 3089663, at *8 (D. Md. June 21, 2024) (quoting *Jones v. Aberdeen Proving Ground Fed. Credit Union*, No. 21-1915, 2022 WL 2703825, at *5 (D. Md. July 12, 2022)). But, as the Plaintiffs persuasively argue, affirmative defense 8—that some or all of the claims are barred by payment—is not sufficiently pled, because there are no factual allegations in the answer to identify what payment Brother's Mechanical is referring to, who made the payment, when the payment was made, or whether any payment was made. ECF No. 15-1 at 11–12. And so, Brother's Mechanical has not asserted this affirmative defense in a way that is intelligible, gives fair notice to the Plaintiffs, and is plausibly suggested by the facts. *See Freedom Servs., Inc.*, 2024 WL 3089663, at *8.

Affirmative defenses 11 and 12—that some or all of Plaintiffs' claims are barred by the doctrine of collateral estoppel and the doctrine of res judicata—are also problematic. To support these affirmative defenses, Brother's Mechanical merely alleges that "some or all of Plaintiffs' claims are barred by the doctrine of collateral estoppel" and that "some or all of Plaintiffs'

9

claims are barred by the doctrine of res judicata." ECF No. 14 at 5. But there are no factual allegations in the answer to show that the elements of these defenses can be met in this case. And so, again, Brother's Mechanical has not asserted these affirmative defenses in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts. *See Freedom Servs., Inc.*, 2024 WL 3089663, at *8.

Lastly, the Court also agrees with the Plaintiffs that affirmative defense 22 is not sufficiently pled in the answer. In this affirmative defense, Brother's Mechanical asserts that the Plaintiffs' claims are barred, in whole or in part, because the individuals for whom contributions are sought were not covered employees under the collective bargaining agreement or applicable plan documents. ECF No. 14 at 7. To support this affirmative defense, Brother's Mechanical merely alleges that the "Plaintiffs' claims are barred because no valid and binding agreement obligates Defendant to make the contributions sought, and/or any agreement was invalid, unenforceable, or expired during the relevant period." ECF No. 14 at 6. But there are no factual allegations in the answer to show why the CBAs at issue in this case are invalid, unenforceable, or expired. Nor does the answer state a specific contract defense. *Small Bus. Fin. Sols., LLC v. Cavalry, LLC*, 2023 WL 284449, at *10 (D. Md. Jan. 18, 2023). Given these deficiencies, Brother's Mechanical also fails to assert affirmative defense 22 in a manner that is intelligible, gives fair notice, and is plausibly suggested by the facts. *See Freedom Servs., Inc.*, 2024 WL 3089663, at *8.

The Court observes, however, that Brother's Mechanical may be able to cure the aforementioned deficiencies in affirmative defenses 8, 11, 12 and 22 by amending the answer. And so, before striking these affirmative defenses, the Court will give Brother's Mechanical an opportunity amend its answer to comport with the pleading standard under *Twombly-Iqbal*.

### C.      Affirmative Defenses 1, 3 and 9 Are Redundant And Not Affirmative Defenses

As a final matter, the answer also makes clear thar affirmative defenses 1, 3 and 9 are redundant and not affirmative defenses. Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). This Court has also held that a negative defense is one that denies or directly contradicts elements of the plaintiff's claim for relief. *Jones*, 2022 WL 2703825, at *6.

10

Here, a careful reading of the answer shows that affirmative defenses 1, 3 and 9 repeat and restate denials that already set forth elsewhere in the answer. *Compare* ECF No. 14 at 4–5 (stating that the complaint fails to state any claim upon which relief can be granted; stating that Plaintiffs are not entitled, on the law or the facts, to the damages claimed, and stating that Plaintiffs did not suffer any damages attributable to the actions of Defendant) *with* ECF No. 14 at ¶¶ 19, 21, 26 (denying that Plaintiffs are entitled to damages under Counts I and II). These defenses are also negative, rather than affirmative defenses, which would prejudice the Plaintiffs, by requiring that the Plaintiffs conduct discovery to determine the factual bases for the defenses. *Alston v. TransUnion*, No. 16-491, 2017 WL 464369, at \*1 (D. Md. Feb. 1, 2017) (quoting *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 705 (D. Md. 2013)). And so, the Court will also strike affirmative defenses 1, 3 and 9. Fed. R. Civ. P. 12(f).

## V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiffs' motion to strike (ECF No. 15);

(2) **STRIKES** Brother's Mechanical's 1, 3, 4, 5, 6, 9, 13, 14, 15, 16, 17, 19 and 23 affirmative defenses;

(3) **GRANTS** Brother's Mechanical leave to amend affirmative defenses 8, 11, 12 and 22 to comport with the pleading standard under *Twombly-Iqbal*; and

(4) **ORDERS** that Brother's Mechanical shall **FILE** any amended answer consistent with this Memorandum Opinion and Order, **on or before May 15, 2026**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

11